█ Reka P. Hoff, Appellant, v. George G. Hoff, Respondent.— In an action by the plaintiff wife for a separation, in which the defendant husband asserted a counterclaim for a divorce, the wife appeals from an order of the Supreme Court, Queens County, dated November 23, 1960, denying her motion for a further bill of particulars with respect to the husband's counterclaim. Upon the wife's previous motion for a bill of particulars of her acts of adultery with a named corespondent, as alleged by the husband, the order thereon made September 7, 1960, permitted him, as an alternative to furnishing such particulars, to depose that he intends to rely only upon a course of conduct and admissions. Accordingly, he thereafter deposed that he intended to rely only upon a course of conduct, admissions, and results of a blood-grouping test. Special Term has now sustained his contention that this motion for a further bill could not be granted because, on the previous motion, the proposed order as submitted by the wife included a specific provision for the same relief. This provision, however, was deleted from the order before it was signed on September 7, 1960. Order appealed from, dated November 23, 1960, modified as follows: (1) by striking out its decretal paragraph denying the motion in toto; (2) by substituting one paragraph granting the motion as to Items 1, 2, 3, 4, 5, 6 and 7 specified in the notice of motion; and (3) by substituting another paragraph denying the motion as to Items 8 and 9 specified in said notice. As so modified, the order is affirmed, with $10 costs and disbursements to the wife. The husband is directed to serve the additional bill of particulars as to said Items 1 to 7, within 20 days after entry of the order hereon or on any other date mutually fixed by the parties. The mere insertion of the provisions for similar relief in the order of September 7, 1960, at the time of its submission and before its signing, was not an application for such relief. Hence, the elimination of such provision from the order did not constitute the denial of an application so as to bar a subsequent application. As to the motion which that order resolved, the deleted provision was mere surplusage; the provision was properly deleted for that reason. Under the circumstances here, we believe that the wife is entitled to the particulars demanded in Items 1 to 7, but not to the particulars demanded in Items 8 and 9. The latter two items demand particulars as to the time, date, place and circumstance of each overt act alleged to have been committed as part of the wife's adulterous course of conduct. In our opinion, the allegations in the counterclaim as to the wife's acts of adultery, coupled with the particulars to be furnished in response to Items 1 to 7, are sufficiently definite to apprise the wife of her husband's claims and to prevent surprise at the trial. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.